ORIGINAL

FILED-USDC-NDTX-DA
'25 FEB 26 PM3:42
km

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | CASE NO. 3:24-CR-201-E |
|---|---|
| v. | |
| FABIAN ARTHUR GONZALES, JR. (1) | |

### FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count Two of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, Fabian Arthur Gonzales, Jr., the defendant; the defendant's attorney, Camille Knight; and the United States of America (the government) stipulate and agree to the following:

### I. Elements of the Offense

In order to establish the guilt of the defendant for the offense of possession with the intent to distribute a controlled substance, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 as alleged in Count Two of the Indictment, the government must prove each of the following elements beyond a reasonable doubt[1]:

Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) -

*First*: That the defendant knowingly possessed a controlled substance;

*Second*: That the substance was in fact methamphetamine;

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2024).

Factual Resume – Page 1

*Third:*   That the defendant possessed the substance with the intent to distribute it; and

*Fourth:*   That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

Violation of 18 U.S.C. § 2 -

*First*:   That the offense of possession of a controlled substance with the intent to distribute was committed by some person;

*Second*:   That the defendant associated with the criminal venture;

*Third*:   That the defendant purposefully participated in the criminal venture; and

*Fourth*:   That the defendant sought by action to make that venture successful.

## II. Stipulated Facts

Fabian Arthur Gonzales, Jr. admits and acknowledges that beginning on or about January 2024, and continuing to April 29, 2024, in the Dallas Division of the Northern District of Texas, that he, aided and abetted by others known, knowingly possessed with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance.

During the course of the investigation law enforcement officers (LEOs) intercepted Reyes and others discussing narcotic trafficking. On March 4, 2024, based on some of those interceptions, LEOs surveilled a residence used by coconspirator Antonio Romualdo Herrera Gonzalez (hereinafter "Herrera") to store methamphetamine. Through the interceptions and surveillance LEOs observed Ruben Dario Reyes, Jr., coconspirator George Delgado Castaneda (hereinafter "Castaneda") and two other men transfer cases of

Factual Resume – Page 2

Topo Chico bottles collectively containing more than 50 grams of liquid methamphetamine from Herrera's residence in the Northern District of Texas to a U-Haul truck. The defendant Fabian Arthur Gonzales, Jr. (hereinafter "Gonzales") and Ruben Dario Reyes, Jr., departed in the U-Haul truck. Castaneda, Herrera, and the other two men followed the U-Haul in a truck. Both vehicles were headed to another location to store the liquid methamphetamine, but LEOs intercepted the U-Haul and seized the liquid methamphetamine in the Northern District of Texas. The conspirators intended to convert the liquid methamphetamine into crystal methamphetamine and further distribute.

Gonzales stipulates that methamphetamine is a Schedule II controlled substance and that he possessed it with the intent to the distribute it.

Gonzales agrees that he possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and that he committed each of the essential elements of the drug trafficking offense as set out in this factual resume. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support his guilty plea to Count Two as set forth in the Indictment.

AGREED AND STIPULATED on this 26 day of February, 2025.

_____
Fabian Arthur Gonzales, Jr.
Defendant

_____
~~William Hennesmeyer~~ Camille M. Knight
Attorney for Defendant

_____
JOHN KULL
Assistant United States Attorney
Texas State Bar No. 00791057
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8803
Email: john.kull@usdoj.gov