IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:24-CR-201-E |
| v. | |
| ANTONIO ROMUALDO HERRERA GONZALEZ (4) | |

### FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count Two of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, Antonio Romualdo Herrera Gonzalez, the defendant; the defendant's attorney, Kara Carreras; and the United States of America (the government) stipulate and agree to the following:

### I. Elements of the Offense

In order to establish the guilt of the defendant for the offense of possession with the intent to distribute a controlled substance, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 as alleged in Count Two of the Indictment, the government must prove each of the following elements beyond a reasonable doubt[1]:

Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) -

*First*:   That the defendant knowingly possessed a controlled substance;

*Second*:   That the substance was in fact methamphetamine;

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2019).

**Factual Resume – Page 1**

*Third:*   That the defendant possessed the substance with the intent to distribute it; and

*Fourth:*   That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

Violation of 18 U.S.C. § 2 -

*First*:   That the offense of possession of a controlled substance with the intent to distribute was committed by some person;

*Second*:   That the defendant associated with the criminal venture;

*Third*:   That the defendant purposefully participated in the criminal venture; and

*Fourth*:   That the defendant sought by action to make that venture successful.

## II. Stipulated Facts

Antonio Romualdo Herrera Gonzalez admits and acknowledges that beginning on or about January 2024, and continuing to April 29, 2024, in the Dallas Division of the Northern District of Texas, that he, aided and abetted by others known and unknown, did knowingly possess with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

During the course of the investigation law enforcement officers (LEOs) intercepted the defendant Herrera Gonzalez and others discussing narcotic trafficking. On March 4, 2024, based on some of those interceptions, LEOs surveilled a residence used by the defendant to store methamphetamine in the Northern District of Texas. Through the interceptions and surveillance LEOs observed the Ruben Dario Reyes, Jr., codefendant George Delgado Castaneda (hereinafter, "Castaneda") and two other men

transfer cases of Topo Chico bottles collectively containing more than 50 grams of liquid methamphetamine from Herrera's residence to a U-Haul truck located in the Northern District of Texas. Codefendant Fabian Arthur Gonzales, Jr. (hereinafter "Gonzales") and Reyes departed in the U-Haul truck. The defendant, Castaneda, and the other two men followed the U-Haul in a truck. Both vehicles were headed to another location to store the liquid methamphetamine, but LEOs intercepted the U-Haul and seized the liquid methamphetamine in the Northern District of Texas. The codefendants and two others intended to convert the liquid methamphetamine into crystal methamphetamine and further distribute.

Herrera Gonzalez stipulates that methamphetamine is a Schedule II controlled substance and that he possessed the methamphetamine with the intent to distribute it.

On April 24, 2024, LEOs arrested the defendant on a bus headed to Mexico. In his wallet he had $5,417.00 of drug proceeds.

Herrera Gonzalez agrees that he possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and that he committed each of the essential elements of the drug trafficking offense as set out in this factual resume. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support his guilty plea to Count Two as set forth in the indictment.

AGREED AND STIPULATED on this 24 day of February, 2025.

_____
Antonio Romualdo Herrera Gonzalez
Defendant

_____
John Kull  20250305
Assistant United States Attorney

_____
Kara Carreras
Attorney for Defendant

_____
Phelesa M. Guy
Section Chief

Factual Resume – Page 4