FILED-USDC-NDTX-DA
'25 JUL 23 PM3:50
km

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | CASE NO. 3:24-CR-201-E |
|---|---|
| v. | |
| RUBEN DARIO REYES, JR. (1) | |

### FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count Two of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, Ruben Dario Reyes, Jr., the defendant; the defendant's attorney, Chris Mulder; and the United States of America (the government) stipulate and agree to the following:

### I. ELEMENTS OF THE OFFENSE

In order to establish the guilt of the defendant for the offense of possession with the intent to distribute a controlled substance, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 as alleged in Count Two of the Indictment, the government must prove each of the following elements beyond a reasonable doubt[1]:

Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) -

*First*:   That the defendant knowingly possessed a controlled substance;

*Second*:   That the substance was in fact methamphetamine;

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2019).

> *Third:* That the defendant possessed the substance with the intent to distribute it; and
>
> *Fourth:* That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

Violation of 18 U.S.C. § 2 -

> *First:* That the offense of possession of a controlled substance with the intent to distribute was committed by some person;
>
> *Second:* That the defendant associated with the criminal venture;
>
> *Third:* That the defendant purposefully participated in the criminal venture; and
>
> *Fourth:* That the defendant sought by action to make that venture successful.

## II. STIPULATED FACTS

Ruben Dario Reyes, Jr. admits and acknowledges that beginning on or about January 2024, and continuing to April 29, 2024, in the Dallas Division of the Northern District of Texas, that Reyes, aided and abetted by others known, knowingly possessed with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

During the course of the investigation law enforcement officers (LEOs) intercepted Reyes and others discussing narcotic trafficking using phones ending in 0272, 8632 and 0991. On March 4, 2024, based on some of those interceptions, LEOs surveilled a residence located in the Northern District of Texas, used by coconspirator Antonio Romualdo Herrera Gonzalez (hereinafter "Herrera") to store methamphetamine. Through the interceptions and surveillance, LEOs observed the defendant, coconspirator George Delgado Castaneda (hereinafter "Castaneda") and two other men transfer cases of

Topo Chico bottles collectively containing more than 50 grams of liquid methamphetamine from Herrera's residence to a U-Haul truck. Coconspirator Fabian Arthur Gonzales, Jr. (hereinafter "Gonzales") and the defendant departed in the U-Haul truck. Castaneda, Herrera, and the other two men followed the U-Haul in a truck. Both vehicles were headed to another location to store the liquid methamphetamine, but LEOs intercepted the U-Haul and seized the liquid methamphetamine. The conspirators intended to convert the liquid methamphetamine into crystal methamphetamine and further distribute.

Reyes admits that on April 29, 2024, he was arrested by LEOs and they seized (1) a Glock, model 32, .357 caliber, semi-automatic handgun, bearing serial number LDF421; (2) a Walther, model PK380, .380 caliber, semi-automatic handgun, bearing serial number WB068953; (3) a FN Herstal, model Five-Seven, 5.7 X 28mm caliber, semi-automatic handgun, bearing serial number 38634124, (4) four cellular phones, and $101,294 of drug proceeds. Reyes admits that the handguns were used in furtherance of the drug trafficking offense.

Reyes agrees that he possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and that he committed each of the essential elements of the drug trafficking offense as set out in this factual resume. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support his guilty plea to Count Two as set forth in the Indictment.

AGREED AND STIPULATED on this **18** day of **JULY**, 202**5**

_____
Ruben Dario Reyes, Jr.
Defendant

_____
Chris Mulder
Attorney for Defendant

_____
John Kull
Assistant United States Attorney