IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:24-CR-201-E |
| v. | |
| GEORGE DELGADO ~~CASTANEDA~~ (3)<br>a/k/a Black | |

**FACTUAL RESUME**

In support of the defendant's plea of guilty to the offense in Count Two of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, George Delgado ~~Castaneda,~~ the defendant; the defendant's attorney, Joseph Mongaras, Jr.; and the United States of America (the government) stipulate and agree to the following:

### I. Elements of the Offense

In order to establish the guilt of the defendant for the offense of possession with the intent to distribute a controlled substance, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 as alleged in Count Two of the Indictment, the government must prove each of the following elements beyond a reasonable doubt[1]:

Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) -

*First*: That the defendant knowingly possessed a controlled substance;

*Second*: That the substance was in fact methamphetamine;

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2019).

Factual Resume – Page 1

*Third:*   That the defendant possessed the substance with the intent to distribute it; and

*Fourth:*   That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

Violation of 18 U.S.C. § 2 -

*First*:   That the offense of possession of a controlled substance with the intent to distribute was committed by some person;

*Second*:   That the defendant associated with the criminal venture;

*Third*:   That the defendant purposefully participated in the criminal venture; and

*Fourth*:   That the defendant sought by action to make that venture successful.

## II. Stipulated Facts

George Delgado ~~Castaneda~~ [G.D] admits and acknowledges that beginning on or about January 2024, and continuing to April 29, 2024, in the Dallas Division of the Northern District of Texas, that he, aided and abetted by others known including L.V. Willis Jr., knowingly possessed with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

During the course of the investigation, law enforcement officers (LEOs) intercepted ~~Castaneda~~ [Delgado G.D] and others discussing narcotic trafficking over several phones. Between January 17-19, 2024, based on some of those interceptions, LEOs learned that a Mexico source of supply (MSOS) communicated with Willis and informed Willis that the "windows" were selling fast and Willis stated he would need three. The MSOS texted Willis, "I got them ready, I had to scoop them up" and Willis replied, "ok, I'm almost done with these hoes I got I got you." The following day they had more communications

Factual Resume – Page 2

confirming the quantity of methamphetamine. On January 19, 2024, the MSOS and Willis confirmed delivery at ~~Castaneda~~ G.D Delgado's house located at a known location on E. Wanda in Garland. Willis asked the MSOS if he was referring to his cousin who Willis referred to as "Black", and the MSOS confirmed. Thereafter, Willis drove to ~~Castaneda~~ G.D Delgado's house at a known location in Garland, in the Northern District of Texas, and picked up three kilograms of methamphetamine from ~~Castaneda~~ G.D Delgado. While Willis and ~~Castaneda~~ G.D Delgado conducted the transaction, Willis put the MSOS on speaker phone and spoke to ~~Castaneda~~ G.D Delgado.

Thereafter, on March 4, 2024, based on more interceptions over phones used by the coconspirators, law enforcement officers (LEOs) surveilled a residence located in the Northern District of Texas, used by coconspirator Antonio Romualdo Herrera Gonzalez (hereinafter "Herrera") to store methamphetamine. Through the interceptions and surveillance, LEOs observed the defendant, coconspirator Ruben Dario Reyes, Jr., and two other men transfer cases of Topo Chico bottles collectively containing more than 50 grams of liquid methamphetamine from Herrera's residence to a U-Haul truck. Coconspirator Fabian Arthur Gonzales, Jr. (hereinafter "Gonzales") and Reyes departed in the U-Haul truck. ~~Castaneda~~ G.D Delgado Herrera, and the other two men followed the U-Haul in a truck. Both vehicles were headed to another location to store the liquid methamphetamine, but LEOs intercepted the U-Haul and seized the liquid methamphetamine. The conspirators intended to convert the liquid methamphetamine into crystal methamphetamine and further distribute.

~~Castaneda~~ G.D Delgado stipulates that methamphetamine is a Schedule II controlled substance. ~~Castaneda~~ G.D Delgado agrees that he possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and that

Factual Resume – Page 3

he committed each of the essential elements of the drug trafficking offense as set out in this factual resume. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support his guilty plea to Count Two as set forth in the Indictment.

AGREED AND STIPULATED on this 21 day of July, 2025.

_____
George Delgado Castaneda
Defendant

_____
John Kull    20250722
Assistant United States Attorney

_____
Joseph Mongaras, Jr.
Attorney for Defendant

_____
Phelesa M. Guy
Section Chief